IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE KEVIN WILLIAMS, #173816, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-335-TMH |
| ) | [WO] |
| ) | |
| ALABAMA DEPT. OF CORRECTIONS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court pursuant to a 42 U.S.C. § 1983 action filed by Willie Kevin Williams ["Williams"], a state inmate currently incarcerated on a fifteen year sentence imposed upon him for third degree robbery.[1] Williams initiated this action by filing a complaint with the United States District Court for the Southern District of Alabama on February 10, 2012.[2] In this case, Williams complains correctional officials failed to release

---

[1] Williams advises he began service of this sentence on July 18, 2011.

[2] Although the Clerk for the Southern District indicated receipt of the complaint on February 15, 2012, Williams certified he presented the complaint to prison officials for mailing on February 10, 2012. Doc. No. 1 at 8. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Williams] signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, this court considers February 10, 2012 as the appropriate date of filing for this cause of action.

him in April of 2009 upon completion of the 10-year sentence on which he was then incarcerated thereby resulting in his improper imprisonment until his release on June 26, 2009. Am. Compl. (Doc. No. 14) at 3; Am. Compl. (Doc. No. 20-1) at 2. Williams seeks monetary damages for the time he remained in prison over his alleged proper end of sentence. Am. Compl. (Doc. No. 14) at 4; Am. Compl. (Doc. 20-1) at 2 (The release of Williams on June 26, 2009 purportedly occurred approximately two months beyond his actual end of sentence and the defendants "owe . . . Williams for the 2 Month's 2 Day's he sit in prison over" his release date.).[3]

Upon review of the complaint, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) as the claim presented by the plaintiff is filed outside the relevant two-year period of limitation.[4]

## II. DISCUSSION

Williams complains during a previous term of incarceration on a ten-year sentence

---

[3] Prior to filing this federal civil action, Williams "filed a claim to [the Alabama] Division of Risk Management on January 6th, 2012 seeking compensation and on February 7th, 2012 their reply was that I was not eligible." Compl. (Doc. No. 1) at 5. Williams also filed a state tort action with the Circuit Court of Baldwin County, Alabama on April 14, 2009. Am. Compl. (Doc. No. 25) at 1.

[4] The United States District Court for the Southern District of Alabama entered an order granting Williams leave to proceed *in forma pauperis* in this cause of action. Order of February 28, 2012 (Doc. No. 4). Despite Williams' payment of partial filing fees, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

imposed upon him on October 19, 2006 by the Circuit Court of Baldwin County for second degree theft of property the defendants failed to release him upon completion of this sentence. Am. Compl. (Doc. No. 14) at 3. Specifically, Williams asserts his release from this sentence on June 26, 2009 constituted his serving two months and two days over the actual time for release. Am. Compl. (Doc. No. 20-1) at 2. It is clear from the complaint, as amended, that the claim presented by Williams is barred by the statute of limitations applicable to a 42 U.S.C. § 1983 action filed in this court.

> ***All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought***. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (emphasis added).

The alleged unconstitutional imprisonment made the basis of the instant complaint occurred from mid-April of 2009 until June 26, 2009. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for statutory tolling of the limitation period.[5] Williams, however, also alleges he is entitled to equitable tolling of the limitation

---

[5] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues . . . insane . . . ." *Ala. Code* § 6-2-8(a). The complaint demonstrates Williams was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

3

period while his state tort action remained pending and during terms of periodic confinement in Florida county jails in 2010 and the Mobile County Metro Jail in 2011. Am. Compl. (Doc. No. 25) at 2-3 (While incarcerated in Florida during 2010, Williams "had no access to Alabama court[s] . . . . Williams was later in 2011 placed back into the County Jail in Mobile where there is no access to law library so he was unable to file . . . before [expiration of the limitation period] on June 27, 2011 . . . . Williams filed a state tort claim [in April of 2009 in the Circuit Court of Baldwin County] alleging that Alabama injured him by holding him in prison illegally on a dismissed case [but did not receive any response from the court prior to release on June 26, 2009] . . . .").

Case law allows equitable tolling of a federal limitation period "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*,

4

297 F.3d at 1286; *see Helton v. Secretary for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002).

To the extent Williams seeks equitable tolling for the timely filing of a state tort action and due to purported denial of access to the court while confined in Florida county jails and the Mobile County Metro Jail, he is entitled to no relief from this court as these arguments do not warrant equitable tolling of the two-year period of limitation.

Initially, the court finds that the filing of a state tort action fails to satisfy the requisite elements for equitable tolling of the limitation period and there is no statutory basis for tolling of the limitation period on this ground. Moreover, it is clear Williams had the capability to file a federal civil rights action at the same time he filed his state tort action but chose not to do so. The law is well settled that an inmate's failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (individual's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999),

*cert. denied*, 531 U.S. 1035 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000) (inmate's *pro se* status throughout majority of limitation period does not justify equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

With respect to Williams' assertion of allowing equitable tolling due to his periodic confinement in county jails located in Florida and the Mobile County Metro Jail, this court cannot countenance such action. As previously referenced, Williams concedes access to legal materials and the courts while confined at the Bullock Correctional Facility in April of 2009 until his release on June 26, 2009. Williams likewise acknowledges he remained free from June 26, 2009 until sometime in 2010 when he was placed in jail in Florida for a driving infraction and violation of his probation, a period of time he clearly maintained the ability to file a federal civil action. Moreover, the conclusory and wholly incredible allegation of no access to the court while incarcerated in Florida fails to establish a basis for equitable tolling of the limitation period as Williams had ample opportunity to file a federal civil rights action prior to his incarceration in Florida and he presents no evidence that his Florida confinement in any way prevented him from filing a complaint with this court.

With respect to Williams' argument challenging his law library access while confined at the Mobile County Metro Jail, neither an alleged inadequate prison law library nor limited access thereto, standing alone, establishes extraordinary circumstances warranting equitable tolling of the limitation period. *Felder*, 204 F.3d at 171; *Marsh*, 223 F.3d at 1220. Furthermore, this argument provides no basis for equitable tolling as the record establishes Williams understood the basis of his claim for relief in April of 2009 and, while acting *pro se*, filed a state tort action on April 14, 2009 and a complaint with the Alabama Division of Risk Management on January 6, 2012. Despite his understanding of the legal claim, knowledge of various avenues for relief and the ability to present his claim to the court/agency of his choice, Williams did not file a 42 U.S.C. § 1983 action until February 10, 2012.

The record is devoid of any evidence indicating an "extraordinary circumstance" existed which "prevented" Williams from filing a timely federal civil rights action. Instead, based on the similarity of the claim raised herein and the claim presented in the state tort action, it is clear Williams acting with reasonable diligence could have filed this action prior to expiration of the two-year period of limitation.

Under the circumstances of this case, the statute of limitations began to run on the claim presented herein on June 27, 2009.[6] The limitation period ran uninterrupted until it

---

[6] In computing the period of limitation, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

expired on June 27, 2011. As previously noted, Williams filed the instant complaint on February 10, 2012. This filing occurred over seven months *after* the applicable period of limitation expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the complaint. *Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179,

182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint and amendments thereto, Williams has no legal basis on which to proceed as he filed this cause of action more than two years and seven months after the action which forms the basis of the complaint occurred. As previously determined, the statutory tolling provision is unavailing and equitable is not warranted. Consequently, the two-year period of limitation expired several months prior to Williams filing the instant complaint. In light of the foregoing, the court concludes Williams' claim arising from his incarceration for the approximate two months beyond his purported release date in April of 2009 is barred by the applicable statute of limitations and this case is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons & Parole Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[7]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

---

[7] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before May 31, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 17th day of May, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE